

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  151 West Seventh Avenue, Suite 300  (541) 465-6802
Virginia H. Denney, Judicial Assistant  Post Office Box 1335  FAX: (541) 465-6899
Howard J. Newman, Law Clerk  Eugene, Oregon 97440

June 5, 2006

Mr. James W. Han
Kent Anderson & Associates, P.C.
888 West Park Street
Eugene, OR 97401

Mr. Louis L. Kurtz
400 E. 2nd Avenue, #101
Eugene, OR 97401

RE:  BOMARETO, George Richard; Case No. 05-64653-aer7
Bomareto v. J.K. Harris & Co., LLC, et al.,
Defendants' Motion to Strike Plaintiff's Response to Defendants' Amended Motion for Summary Judgment

Counsel:

The above-referenced motion will be denied. Plaintiff's response to Defendants' Amended Motion for Summary Judgment was due on March 30, 2006.[1] It was filed six (6) days late on April 5, 2006.

The "excusable neglect" standard of FRBP 9006(b)(1) applies, either directly or by analogy. In <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,</u> 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) the court held the term "neglect" has its normal meaning, i.e. negligence, carelessness, inadvertent mistake. As to whether the neglect is "excusable," the court stated that the determination is at bottom line an equitable one, taking account of all the relevant circumstances surrounding the party's omission. These circumstances include: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. <u>Id</u>. at 395, 113 S. Ct. at 1498.

---

[1] The Amended Motion was served on March 16, 2006. LBR 7001-1.C.2.a requires a response within 11 days of service. However, FRBP 9006(f) allows an extra 3 days when service is by mail, as here.

Assuming "neglect," and applying the <u>Pioneer</u> factors as to whether that neglect is "excusable", Defendants have alleged no "prejudice" from the delay, the length of the delay was de minimis, the delay was caused, per Mr. Han's Declaration, at least in part by his mother's exigent heart surgery, and finally, there is nothing in the record indicating Plaintiff acted other than in good faith.

Defendants will have 14 days from entry of the order denying their motion, to file a reply to Plaintiff's Response.

The above constitute the court's findings of facts and conclusions of law under FRBP 7052. An order consistent herewith will be entered.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd